UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 21-cv-11562-AK |
| v. | ) | |
| | ) | |
| HARBOR HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

Plaintiff Mark Harper ("Harper") initiated this suit against Defendant Harbor Health,[1] alleging religious discrimination. [Dkt. 1 at 3-4]. Harbor Health filed a motion to dismiss the action. [Dkt. 11]. Harper did not oppose that motion. For the following reasons, Harbor Health's motion to dismiss is **GRANTED**.

**I.  Background**

Harper's complaint is brief. He lists "[d]iscrimination, [r]eligious [b]elief violation" as the basis for federal question jurisdiction. [Dkt. 1 ("Complaint") at 3]. He cites no federal statutes. Rather, Harper claims generally that Harbor Health fired him one week after he was hired because he "had a [r]eligious [e]xemption from the covid vaccine." [Id. at 4]. Harper seeks damages because Harbor Health "fired [him] because [he] won't allow them to force [him] to go against [his] [r]eligious beliefs after the[y] gave [him] the option for [r]eligious exemptions." [Id.]. Harbor Health responds that the action must be dismissed because the Court

---

[1] The plaintiff identifies the defendant simply as "Harbor Health." [Dkt. 1 at 1]. The defendant identifies itself as "Harbor Health Services, Inc." [Dkt. 11 at 1]. The Court will refer to the defendant as "Harbor Health."

lacks subject matter jurisdiction and Harper has otherwise failed to state a claim upon which relief can be granted.[2]

## II.     Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief."  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp., 550 U.S. at 559).

Review for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant

---

[2] Harbor Health also responds on behalf of Karen Thomas, noting that Harper's "amended [c]omplaint appears to identify Ms. Thomas as a [d]efendant." [Dkt. 11 at 1 n.1; Dkt. 12 at 1 n.1].  As there is no amended complaint filed on the docket, the Court presumes Harbor Health actually refers to the returned summons filed with the Court, on which Harper lists "Karen Thomas" and Harbor Health as addressees.  [Dkt. 10].  This is not sufficient to add Thomas as a defendant, and the Court need not evaluate Harbor Health's argument that Harper's claims against Thomas must be dismissed because she was not properly served.  Regardless, the Court's reasoning here would also apply to Thomas, had she been properly named and served as a defendant.

to" Federal Rule of Civil Procedure 12(b)(6).  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  That is, when "a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  The party "invoking the jurisdiction of a federal court carries the burden of proving its existence," and a "plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law."  Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (internal quotation marks and citations omitted).  Although the Court is "required to construe liberally a pro se complaint," a plaintiff's "pro se status does not insulate [him or her] from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**III.    Discussion**

Harbor Health argues that Harper has not established that the Court has subject matter jurisdiction over his claim because he fails to identify any particular federal law in his complaint and because he has failed to exhaust administrative remedies, which is required for certain religious discrimination claims.  [Dkt. 12 at 4].  Harbor Health also maintains that Harper's conclusory allegations are insufficient to state a plausible claim for relief.  [Id. at 6].

**A.    Subject Matter Jurisdiction**

Federal district courts have original jurisdiction over actions that involve federal questions, that is, claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Court's subject matter jurisdiction "must be apparent from the face of the plaintiff's pleading."  Johansen, 506 F.3d at 68.  Aside from selecting "federal question" as the basis for jurisdiction, Harper provides little insight into the "right or immunity created by the Constitution or the laws of the United States" that is an "essential" element of his cause of

action.  Corliss v. Levesque Auto Servs., No. 04-cv-10834-DPW, 2004 WL 2337019, at *2 (D. Mass. Oct. 13, 2004) (noting that a "mere glancing reference to federal law will not suffice" to establish federal question jurisdiction) (citation omitted)).  Harper's conclusory references to "discrimination" and a religious exemption to vaccine requirements are not sufficient invocations of federal law to confer subject matter jurisdiction on this Court.  There are a multitude of federal and state statutes pertaining to various types of employment discrimination.  See, e.g., 42 U.S.C. § 1981; 42 U.S.C. § 2000e-2; Mass. Gen. Laws ch. 151B.  It is not for the Court to decide which law Harper intended to invoke.  See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (stating that the court need not "conjure up unpled allegations" notwithstanding its duty to be less stringent with pro se complaints).  Harper has not identified a single federal law—indeed, any specific grounds on which his claim rests—that confers subject matter jurisdiction on this Court.  See Johansen 506 F.3d at 68 ("When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" (citing Murphy, 45 F.3d at 522)).

To the extent Harper intended to invoke Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, which prohibits workplace discrimination on the basis of religion (among other protected traits), as the basis for the Court's jurisdiction, that attempt fails.  See United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 n.6 (1st Cir. 2005) (noting that the "[f]ailure to exhaust administrative remedies and ripeness challenges may be appropriate in a motion to dismiss for lack of subject matter jurisdiction").  Harper has not established that he first filed an administrative complaint with the United States Equal Employment Opportunity Commission or an appropriate state or local agency within the prescribed time limits before filing his complaint before this Court.  See 42 U.S.C. § 2000e-5(e).  That step is required for the Court to proceed

with the matter. See Franceschi v. U.S. Dep't of Veterans Affs., 514 F.3d 81, 85 (1st Cir. 2008) ("Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies.").

Harper's complaint fails to identify the basis for this Court's subject matter jurisdiction over his claim. The Court therefore grants Harbor Health's motion to dismiss.

**B.      Sufficiency of Pleading**

Even if the Court did have jurisdiction over Harper's complaint, he fails to plead facts sufficient to state a plausible claim of religious discrimination. To establish a prima facie claim of religious discrimination, a plaintiff must show that (1) he holds a "bona fide religious practice" that conflicts with an employment requirement; (2) he brought that practice to the employer's attention; and (3) the "religious practice was the basis for an adverse employment decision." Sánchez-Rodríguez v. AT&T Mobility Puerto Rico, Inc., 673 F.3d 1, 8 (1st Cir. 2012) (citation omitted). Harper alleges he had a "[r]eligious [e]xemption from the covid vaccine" and that he was terminated because of that exemption. [Complaint at 4]. Aside from alleging an adverse employment action, Harper's conclusory statements otherwise fail to plead facts sufficient to establish a claim for religious discrimination. Harper does not state any facts suggesting that his decision regarding the COVID-19 vaccine is a "sincerely held" and "religious" belief that qualifies as a bona fide religious practice. Together Empls. v. Mass. Gen. Brigham Inc., No. 21-cv-11686, 2021 WL 5234394 (D. Mass. Nov. 10, 2021). Nor does Harper allege—other than in a conclusory fashion, which the Court need not credit—that such a bona fide religious practice conflicted with Harbor Health's COVID-19 policy and that he was, in fact, terminated *because of* those religious beliefs. The "bald assertions" in Harper's complaint are insufficient to state a plausible claim for relief for religious discrimination. Centro Medico del

Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005) (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)) (noting that the Court is "not bound to credit 'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like'").  Harper's sweeping and vague allegations here are too "threadbare" and "speculative" to survive Harbor Health's motion to dismiss.  Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595-96 (1st Cir. 2011) (citing Bell Atl. Corp., 550 U.S. at 557 n.5) (explaining that some allegations "fail to cross 'the line between the conclusory and the factual'" and that "pure speculation" and "mere possibility [are] not enough to state a claim").

### IV.     Conclusion

For the foregoing reasons, Harbor Health's motion to dismiss [Dkt. 11] is **GRANTED**.

**SO ORDERED.**

Dated: July 27, 2022                                     /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge